FILED
OCT 25 2012
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FAULKNER LITERARY RIGHTS, LLC     PLAINTIFF

V.     NO. 3:12CV100-M-A

SONY PICTURES CLASSICS, INC., and
JOHN DOE PERSONS OR ENTITIES 1-100     DEFENDANTS

## COMPLAINT

### *Jury Trial Demanded*

Plaintiff Faulkner Literary Rights, LLC ("Faulkner"), states the following claims against Defendants Sony Pictures Classics, Inc. ("Sony"), and John Doe Persons or Entities 1-100 ("John Does"):

**PARTIES**

1. Faulkner is a limited liability company formed under the laws of the State of Virginia, with its principal place of business in Charlottesville, Virginia.

2. Sony is a Delaware corporation with its principal place(s) of business in New York, New York and/or Culver City, California.

3. John Does are persons or entities unknown at this time but who have engaged in some or all of the conduct described in this Complaint in violation of Faulkner's rights and are liable to Faulkner.

**SUBJECT MATTER JURISDICTION**

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as the matter arises under the Lanham Act, 15 U.S.C. § 1125, and under 28 U.S.C. § 1338(a), as the matter arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* This Court has supplemental

jurisdiction over the state law claim under 28 U.S.C. § 1367, as that claim is so related to the federal claims that it forms part of the same case or controversy.

### PERSONAL JURISDICTION

5. This Court has general personal jurisdiction over Sony and John Does under the Mississippi Long-Arm Statute, Miss. Code § 13-3-57. Sony and John Does have purposefully engaged in regular and continuous contacts within the State of Mississippi and this District, such that they have purposefully availed themselves of the benefits and protections of Mississippi's laws. Sony and John Does also committed a tort in whole or in part in Mississippi and in this District. The maintenance of this action against Sony and John Does in this Court will not offend the traditional notions of fair play and substantial justice.

### VENUE

6. Because Sony and John Does may be found in this District as the result of this Court's personal jurisdiction over them, venue is proper in this Court under 28 U.S.C. § 1400(a). Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this District.

### FACTS

7. In 2011, Sony began distributing and marketing a motion picture entitled "Midnight in Paris" ("the Infringing Film"), written and directed by Woody Allen. John Does published the Infringing Film in their theaters and/or in other public places for commercial purposes and/or distributed the film for commercial purposes through point-of-purchase sales, internet sales and/or by other means.

8. The plot of the Infringing Film centers around Gil Pender, a Hollywood screenwriter (portrayed by Owen Wilson) vacationing in Paris. During the course of the film,

Pender is repeatedly transported to the 1920s, where he meets characters such as F. Scott Fitzgerald, Ernest Hemingway, Pablo Picasso and Salvador Dali.

9. In describing his experiences, Pender speaks the following lines ("the Infringing Quote"): "The past is not dead! Actually, it's not even past. You know who said that? Faulkner. And he was right. And I met him, too. I ran into him at a dinner party."

10. The Infringing Quote is taken from a passage contained in the William Faulkner book "Requiem for a Nun" ("the Book"), where it reads: "The past is never dead. It's not even past." ("the Original Quote").

11. Faulkner is the owner of the copyright to the Book, original registration number A00000058836 (September 4, 1951) and renewal registration number RE0000027774 (April 2, 1979). Faulkner is also the owner of all right, title and interest in the name, image and likeness of William Faulkner.

12. Neither Sony nor John Does sought or received Faulkner's permission before creating, publishing and/or distributing the Infringing Film.

13. Sony, directly and by and through John Does, has marketed and distributed the Infringing Film internationally and across the United States, including in this District. Sony and John Does have sold and currently sell the Infringing Film internationally and across the United States and in this District.

## COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

14. Faulkner incorporates by reference all averments in Paragraphs 1 through 13.

15. Faulkner is and was at all relevant times the owner of the copyright to the Book, including the Original Quote.

16. The Copyright Act grants Faulkner the exclusive right to reproduce and distribute

the Book and the Original Quote.

17. Sony and John Does infringed upon Faulkner's exclusive rights. Sony and John Does willfully and intentionally infringed upon Faulkner's exclusive rights.

18. Faulkner is entitled to either compensatory damages under 17 U.S.C. § 504 and to costs and attorney fees under 17 U.S.C. § 505. Faulkner is also entitled to injunctive relief, under 17 U.S.C. § 502, prohibiting Sony and John Does from any further publication of the Infringing Film in violation of Faulkner's rights.

### COUNT II: LANHAM ACT (15 U.S.C. § 1051 ET SEQ.)

19. Faulkner incorporates by reference all averments in Paragraphs 1 through 18.

20. The Infringing Film was published, shown and distributed in the course of interstate commerce.

21. The use of the Infringing Quote and of William Faulkner's name in the Infringing Film is likely to cause confusion, to cause mistake, and/or to deceive the Infringing Film's viewers as to a perceived affiliation, connection or association between William Faulkner and his works, on the one hand, and Sony, on the other hand.

22. The use of the Infringing Quote and of William Faulkner's name in the Infringing Film is likely to cause confusion, to cause mistake, and/or to deceive the Infringing Film's viewers as to the origin, sponsorship, or approval of Sony's goods, services, or commercial activity by William Faulkner and/or his written works.

23. Sony's actions in distributing the Infringing Film were malicious, fraudulent, deliberate and/or willful.

24. Faulkner is entitled to damages, disgorgement of profits, costs and attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT III: COMMERCIAL APPROPRIATION

25. Faulkner incorporates by reference all averments contained in Paragraphs 1 through 24.

26. Through the distribution of the Infringing Film, Sony appropriated the name and works of William Faulkner.

27. Sony did not have Faulkner's consent to appropriate William Faulkner's name or his works for Sony's advantage.

28. Sony maliciously or in a grossly negligent manner appropriated William Faulkner's name and works for its own benefit, without regard for Faulkner's legal rights.

29. As a proximate result of Sony's actions, Faulkner is entitled to compensatory and punitive damages and attorney fees.

FOR THESE REASONS, Plaintiff Faulkner Literary Rights, LLC, requests that this Court grant judgment in its favor and against Defendants Sony Pictures Classics, Inc., and John Doe Persons or Entities 1-100, with relief to include compensatory damages, punitive damages, disgorgement of profits, injunctive relief, costs and reasonable attorney fees. Faulkner requests such other relief as the Court deems appropriate under the circumstances.

THIS, the 25th day of October, 2012.

Respectfully submitted,

FAULKNER LITERARY RIGHTS, LLC

_____
J. CAL MAYO, JR. (MB NO. 8492)
POPE S. MALLETTE (MB NO. 9836)
PAUL B. WATKINS, JR. (MB NO. 102348)
ITS ATTORNEYS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi  38655
Tel: (662) 236-0055
Fax: (662) 236-0035