UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**FAULKNER LITERARY RIGHTS, LLC**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO. 3:12-CIV-100-M-A**

**SONY PICTURES CLASSICS INC.**
**And JOHN DOE PERSONS OR**
**ENTITIES 1-100**            **DEFENDANTS**

## REPLY MEMORANDUM IN SUPPORT OF SONY PICTURES CLASSICS INC.'S MOTION TO TRANSFER VENUE

LOEB & LOEB LLP
Christian D. Carbone (*Pro Hac Vice*)
Thomas Nolan (*Pro Hac Vice*)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
Anita Modak-Truran (MSB# 99442)
1020 Highland Colony Parkway
Ridgeland, Mississippi 39157
(601) 948-5711

## **PRELIMINARY STATEMENT**

Plaintiff's Opposition confirms that venue should be transferred to the Southern District of New York. The Opposition is several pages longer than Sony Classics' actual motion, but it fails to identify any reason why this case should be litigated in Mississippi. There is no reason for this case to be in this District, and every reason for it to be in the Southern District of New York.

## **ARGUMENT**

Sony Classics has moved for transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Plaintiff concedes that the case "might have been brought" in the Southern District of New York (Opp. 2), and so the Court need consider only the statutory factors of convenience to parties and witnesses and the interest of justice, as informed by the public and private factors considered by courts in this Circuit. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (granting writ of mandamus and ordering venue transfer) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). These factors overwhelmingly favor transfer to New York.

1. **The Convenience of Parties and Witnesses Strongly Favors Transfer**

Plaintiff's Opposition fails to identify *any* relevant ties to the State of Mississippi. Perhaps most importantly, the Plaintiff is not a Mississippi resident. It is a Virginia LLC based in Charlottesville (Compl. ¶ 1), and its representative, Lee Caplin, is not a Mississippi resident either—Mr. Caplin lives and works in California and merely travels to Oxford a handful of times per year. (Caplin Decl. ¶ 3). And further, even if Mississippi is truly more convenient for Mr. Caplin, this case presents pure issues of law on undisputed facts, and Plaintiff fails to identify what relevant testimony Mr. Caplin might offer in this case. Beyond its gauzy, generalized assertion that Mississippi has an "interest" in the case because Mr. Faulkner lived and worked in Mississippi before his death some fifty years ago—discussed further *infra*—Plaintiff has given no reason why this case should be Mississippi.

Sony Classics also has no ties to Mississippi. It is a Delaware corporation with its headquarters, offices, employees, and primary operations in New York City. (Buck Decl. ¶ 2). Plaintiff argues at length that assorted Internet sources—all hearsay—suggest that Sony Classics does business in California as well as New York, but Plaintiff of course presents no evidence of an office or operations in Mississippi, and while Sony Classics—a motion picture company—does have an office in California as well as New York, all of its operations relevant to this case were in New York. (Buck Decl. ¶¶ 2, 4).

In the same vein, Plaintiff contests the convenience of New York for the

primary production companies for *Midnight in Paris*—Perdido Productions and Gravier Productions, respectively—based on still more Internet hearsay suggesting connections to Spain. But a simple search of the website of the New York State Department of State confirms that both companies are registered to do business in New York and have their principal executive offices in New York. (*See* Exhibit 1 (Declaration of Thomas D. Nolan and annexed exhibits)).

Plaintiff's remaining argument—regarding Sony Classics' outside litigation counsel—is a red herring. Plaintiff claims that Sony Classics may have received legal advice from its outside counsel at Loeb & Loeb—allegedly relevant to a consideration of "good faith" in the fair use analysis—and that one of the attorneys who may have given such advice resides in Los Angeles. This is wholly irrelevant. Plaintiff gives no authority for a "good faith" consideration under Section 107 of the Copyright Act, and in any event, it is well-settled that convenience to outside counsel receives no consideration in a transfer motion. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

In sum, Plaintiff is not a Mississippi resident, and so it enjoys no presumption of validity in its chosen forum. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 838 (2010); *In re Horseshoe Entm't*, 337 F.3d at 434. Plaintiff also identifies no witnesses, documents or anything else related to this case in Mississippi, (Buck Decl. ¶ 4), and fails to explain away the clear convenience of the New York forum. This weighs heavily in favor of transfer.

**2. The Interest of Justice and Other Public and Private Factors Also Favor Transfer**

The remaining public and private factors either weigh in favor of transfer, are neutral, or are otherwise irrelevant.

As above, the sources of proof in this case are predominantly in New York, and certainly not Mississippi. This case primarily presents issues of federal law, not Mississippi state law. Nor does Plaintiff allege any harm particular to Mississippi—indeed, the Plaintiff does not even reside in this District. (Compl. ¶ 1). Plaintiff concedes that the balance of its arguments—availability of compulsory service of process, court congestion, other "practical problems"—are neutral.

Plaintiff's only argument that could plausibly weigh in favor of Mississippi is its claim that the State has a "long-standing vested interest in William Faulkner's works" (Opp. 8), but Plaintiff presents no authority for the relevance of Mr. Faulkner's former residence to a transfer motion under Section 1404. The "local interest" factor would weigh against transfer only if this were a dispute involving Mississippi residents—in fact, this Court has recognized that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Surfer Internet Broadcasting of Mississippi, LLC v. XM Satellite*, 2008 WL 1868426, at *1-2 (N.D. Miss. Apr. 24, 2008). Here, the copyrights in Mr. Faulkner's works are administered by a California resident through a Virginia LLC. This belies any claim to "local interest" here.

4

## **CONCLUSION**

For the foregoing reasons, Defendant Sony Pictures Classics Inc. respectfully requests that venue be transferred to the United States District Court for the Southern District of New York.

Dated: New York, New York
       February 8, 2013

                                                    LOEB & LOEB LLP

                                                    By: */s/ Christian D. Carbone*
                                                         Christian D. Carbone
                                                         Tom Nolan
                                                         345 Park Avenue
                                                         New York, New York 10154-1895
                                                         (212) 407-4000

                                                         Attorneys for Defendant Sony Pictures
                                                         Classics Inc.

Dated: Ridgeland, Mississippi
       February 8, 2013

                                                    BUTLER, SNOW, O'MARA, STEVENS &
                                                           CANNADA, PLLC

                                                    By: */s/ Anita Modak-Truran*
                                                         Anita Modak-Truran (MSB# 99442)
                                                         1020 Highland Colony Parkway
                                                         Ridgeland, Mississippi 39157
                                                         (601) 948-5711345

                                                         Attorneys for Defendant Sony Pictures
                                                         Classics Inc.

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant Sony Pictures Classics Inc. does hereby certify that he has this day served a true and correct copy of the above and foregoing document by via the Court's Electronic Case Filing System which sent notification to the following:

J. Cal Mayo
Pope S. Mallette
Paul B. Watkins
Mayo Mallette PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, MS 38655


ATTORNEYS FOR PLAINTIFF

SO CERTIFIED, this the 8th day of February, 2013.

*s/Paul S. Rosenblatt*
PAUL S. ROSENBLATT

ButlerSnow 15363867v1