IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FAULKNER LITERARY RIGHTS, LLC  PLAINTIFF

V.  NO. 3:12cv100-M-V

SONY PICTURES CLASSICS, INC., and
JOHN DOE PERSONS OR ENTITIES 1-100  DEFENDANTS

# PLAINTIFF FAULKNER'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S SUPPLEMENTAL LETTER BRIEF

J. Cal Mayo, Jr.
Pope S. Mallette
Paul B. Watkins, Jr.
MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi  38655
Tel: (662) 236-0055
Fax: (662) 236-0035

On March 28, Defendant Sony Pictures Classics, Inc., filed a letter brief [Doc. 29] identifying two recent decisions in the area of copyright law. Plaintiff Faulkner Literary Rights, LLC, responds to that letter brief.

1. **The North Carolina District Court action involved a former patient's use of images from a hospital's website to criticize the hospital - - not to make money.**

In *Ascend Health Corporation v. Wells*, 2013 WL 1010589 (E.D. N.C. March 14, 2013), a hospital alleged that a former patient infringed its copyright when using images from the hospital website on her internet blogs. The patient sought to dismiss the copyright claim under Rule 12(b)(6) based on her "fair use" defense. The District Court granted the patient's motion.

The District Court recognized that trial courts normally reach affirmative defenses, such as "fair use", in "rare circumstances". *Id.* at *12. The Court could do so in this case because the parties only disputed two of the statutory "fair use" factors and the doctrine so clearly protected patient's use of the images in speaking out publicly to criticize the hospital's medical services. *Id.* at *13. Discussing the purpose and character of the use, the Court concluded that the patient's use of the images was "non-commercial": "Nothing indicates that she charges anyone to view her blogs or that she otherwise profits in any way from her posting of the images." *Id.* at 14. Considering the effect of the use upon the potential market or value, the District Court held that criticism cannot "hijack" a market, and, in any event, the First Amendment protects any injury to the market which results from such criticism. *Id.* (citing *NXIVM Corp. v. Ross. Inst.*, 364 F.3d 471 (2d Cir. 2004).

2. **The Ninth Circuit action concerned use in an historical dramatization about the Four Seasons of a televison clip of factual information as a biographical anchor to mark an historical point in the band's career.**

In *SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273 (9th Cir. 2013), SOFA, the copyright owner, sued Dodger for use of a seven-second clip from a 1966 episode of *The*

*Ed Sullivan Show* in its historical musical about the Four Seasons. *Id.* at 1276. The Ninth Circuit affirmed summary judgment in favor of Dodger based on fair use for several reasons:

- Dodger's use of the clip as a "biographical anchor" was "transformative" as the appearance on *The Ed Sullivan Show* "mark[ed] an important moment in the band's career." *Id.* at 1278.[1]

- The clip "convey[ed] mainly factual information – who was about to perform" as compared to creative works, "like fictional stories [which] are closer to the core of intended copyright protection than others." *Id.* at 1279.

- The clip was neither "qualitatively significant" ("Sullivan simply identifies the group that is about to perform and the section of his audience to whom the Four Seasons would appeal.") nor a "distinctive expression" protected by copyright law. *Id.*

- While the Ninth Circuit did not address the Market Effect Factor in depth, the District Court noted that the use of the clip for commercial entertainment weighed against fair use but concluded that SOFA, which had also moved for summary judgment, failed to present sufficient evidence of market harm related to the clip. *See SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 782 F. Supp.2d 898, 909-910 (C.D. Cal. 2010).

Notably, neither the trial court nor the appellate court concluded that the seven-second clip constituted a *de minimis* use of the television episode.

THIS, the 15th day of April, 2013.

                                        Respectfully submitted,

                                        FAULKNER LITERARY RIGHTS, LLC

                                        *J. Cal Mayo, Jr.*
                                        J. CAL MAYO, JR. (MB NO. 8492)
                                        POPE S. MALLETTE (MB NO. 9836)
                                        PAUL B. WATKINS, JR. (MB NO. 102348)
                                        ITS ATTORNEYS

---

[1] Sony has not suggested that it used the Faulkner Quote for historical purposes, nor could it. Sony's use of the Quote occurs in the 1920's. William Faulkner did not publish *Requiem for a Nun* until 1950.

```
```

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035

**CERTIFICATE OF SERVICE**

I, J. Cal Mayo, Jr., one of the attorneys for Plaintiff, do certify that I have electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record.

THIS, the 15th day of April, 2013.

                                                *J. Cal Mayo, Jr.*
                                                J. CAL MAYO, JR.